IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| David Dwight Smith, ) | |
| ) | Civil Action No. 6:14-3247-MGL-KFM |
| Plaintiff, ) | |
| ) | |
| vs. ) | **REPORT OF MAGISTRATE JUDGE** |
| ) | |
| Brian P. Stirling, *SCDC Director*; ) | |
| Willie Eagleton, *Warden ECI;* ) | |
| Annie Sellers, *Associate Warden ECI*: ) | |
| Ronald McFadden, *Associate Warden* ) | |
| *ECI*; Cpl. Lovette, *ECI*; Sgt. Brown, ) | |
| *ECI*; Ofc. Alford, *ECI*; Sgt. Ford, *ECI*; ) | |
| Ofc. Mills, *ECI*; J. Brown, *Sgt. ECI*; ) | |
| Ofc. Pat, *ECI*; M. Hughes, *Doctor ECI*; ) | |
| and Medical Staff, *ECI*, ) | |
| ) | |
| Defendants. ) | |
| ) | |

This matter is before the court on the plaintiff's motion to remand (doc. 12). Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Civ. Rule 73.02(B)(2)(d) (D.S.C.), this magistrate judge is authorized to review all pretrial matters in cases filed under Title 42, United States Code, Section 1983, and submit findings and recommendations to the district court.

On May 23, 2014, the plaintiff, a state prisoner proceeding *pro se*, filed this case in the Court of Common Pleas for Richland County. In his complaint, the plaintiff alleged denial of medical care "under the laws of South Carolina, state, federal & United States Constitution Eighth Amendment, cruel & unusual punishment" (doc. 1-1 at 13). On the first page, the plaintiff captioned the complaint as "South Carolina Tort Claims Act, [S.C. Code Ann.] § 15-78-10 *et seq.*" (*id.* at 2). On August 13, 2014, the defendants removed the case to this court based upon federal question jurisdiction, noting that the plaintiff's

complaint "appears to contain allegations consistent with claims brought pursuant to 42 U.S.C. § 1983" (doc. 1, notice of removal ¶ 5).

On September 4, 2014, the plaintiff filed the instant motion seeking remand to state court. The plaintiff states that his complaint is brought pursuant to the South Carolina Tort Claims Act, and it does not present any federal question (doc. 12, m. to remand ¶¶ 5-6). The defendants oppose the motion to the extent the plaintiff asserts that the case was not properly removed or that the defendants are somehow in default for not filing an answer in state court (doc. 15 at 1). However, the defendants acknowledge that the plaintiff repeatedly states in the motion to remand that he did not intend to bring any federal claims. Accordingly, the defendants state that they would consent to the matter being remanded should this court dismiss all perceived federal claims with prejudice (*id.* at 2).

Remand of a case to state court following removal is governed by 28 U.S.C. § 1447(c) and (d). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). Federal question jurisdiction arises from 28 U.S.C. § 1331, which provides "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Generally, whether federal question jurisdiction exists "is determined by the well-pleaded complaint rule." *Burbage v. Richburg*, 417 F.Supp.2d 746, 749 (D.S.C. 2006) (citing *Gully v. First Nat'l Bank*, 299 U.S. 109, 112–13 (1936); *Louisville & Nashville R.R. v. Mottley*, 211 U.S. 149 (1908)). "[F]ederal question jurisdiction exists 'only when a federal question is presented on the face of the plaintiff's properly-pleaded complaint.' " *Id*. (quoting *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987); *King v. Marriott Int'l, Inc.*, 337 F.3d 421, 426 (4th Cir.2003)). "[T]he plaintiff is the master of his claim, and he may avoid federal jurisdiction by exclusive reliance on state law." *Id*. (citations omitted).

Clearly this case was properly removed given that a federal question was presented on the face of the plaintiff's complaint. While it is unclear whether the plaintiff mistakenly referenced the United States Constitution in his state court complaint or has simply decided to abandon his federal claims, the court is not divested of subject matter jurisdiction in this case. *See Harless v. CSX Hotels, Inc.*, 389 F.3d 444, 448 (4th Cir. 2004) (holding post-removal amendment of a complaint to eliminate federal claims did not divest a federal court of jurisdiction). However, even where subject matter jurisdiction is retained, the district judge has discretion to remand a complaint to state court where, as in this case, a plaintiff makes clear that he alleges claims "couched purely in terms of state . . . law." *Id*. at 450. *See also Reinhart v. City of Brevard*, 826 F.Supp.2d 887, 889-90 (W.D.N.C.2011). "When a plaintiff eliminates federal claims at an early stage in the litigation, remand to state court best serves the considerations of economy, convenience, fairness and comity." *Reinhart*, 826 F.Supp.2d at 890 (citations omitted).

As the plaintiff has made clear that he intended to bring his claims solely under the South Carolina Tort Claims Act, the undersigned recommends that the district court dismiss all perceived federal claims with prejudice, decline to exercise supplemental jurisdiction over the plaintiff's state law claims, and remand the action to state court. *See* 28 U.S.C. § 1367(c)(3); *Harless*, 389 F.3d at 448-49.

IT IS SO RECOMMENDED.

s/ Kevin F. McDonald  
United States Magistrate Judge

September 24, 2014  
Greenville, South Carolina

3