

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| DAVID DWIGHT SMITH, § | |
| Plaintiff, § | |
| § | |
| vs. § | CIVIL ACTION NO. 6:14-3247-MGL-KFM |
| § | |
| BRIAN P. STIRLING, SCDC Director; § | |
| WILLIE EAGLETON, Warden ECI; § | |
| ANNIE SELLERS, Associate Warden ECI: § | |
| RONALD MCFADDEN, Associate Warden § | |
| ECI; CPL. LOVETTE, ECI; SGT. BROWN, § | |
| ECI; OFC. ALFORD, ECI; SGT. FORD, ECI; § | |
| OFC. MILLS, ECI; J. BROWN, SGT. ECI; § | |
| OFC. PAT, ECI; M. HUGHES, DOCTOR ECI; § | |
| AND MEDICAL STAFF, ECI, § | |
| Defendants. § | |

ORDER ADOPTING THE REPORT AND RECOMMENDATION,
DISMISSING ALL FEDERAL CLAIMS WITH PREJUDICE,
AND REMANDING THE ACTION TO STATE COURT

This case was removed from state court and filed in this Court as a 42 U.S.C. § 1983 action. Plaintiff is proceeding pro se. The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting that, to the extent that Plaintiff makes any federal claims in his complaint, those claims be dismissed and this action be remanded to state court. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court.

*Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on September 24, 2014, but neither party filed any objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note). Moreover, a failure to object waives appellate review. *Wright v. Collins*, 766 F.2d 841, 845-46 (4th Cir. 1985).

Plaintiff originally filed this action in state court, alleging the denial of medical care and stating that "THIS ACTION IS AUTHORIZED BY SOUTH CAROLINA STATU[T]E, LAWS, FEDERAL STATU[T]E, LAWS. STATE CONSTITUTION, FEDERAL [AND] UNITED STATES CONSTITUTION." Complaint 1. Defendants removed the case to this Court, but Plaintiff filed a motion to remand in which he argues that his complaint "does not present any Federal Question pursuant to [28 U.S.C. § 1331]." Motion to Remand 3. Defendants state in their response to Plaintiff's motion to remand that they "would consent to this matter being remanded" to state court if "the [C]ourt sees fit to issue an order dismissing any and all federal claims with prejudice." Response to Motion to Remand 2.

Of course, just because a plaintiff makes post-removal amendments to or clarifications of a complaint, "which have the effect of eliminating federal questions," does not mean that the district court is divested of subject matter jurisdiction. *Harless v. CSX Hotels, Inc.*, 389 F.3d 444, 448 (4th

Cir. 2004).  Nevertheless, when such amendments or clarifications are made, the district court may decline to exercise supplemental jurisdiction over the state claims and may remand the case to state court *"*upon a proper determination that retaining jurisdiction over the case would be inappropriate*"* after considering "the principles of economy, convenience, fairness, and comity[.]" *Carnegie–Mellon Univ*., 484 U.S. 343, 357 (1988).  Having considered those factors, and with the consent of Defendants, the Court will remand the case to state court.

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court adopts the Report and incorporates it herein.  Therefore, it is the judgment of this Court that, to the extent that Plaintiff makes any federal claims in his complaint, those claims are **DISMISSED** and this action is **REMANDED** to state court.

**IT IS SO ORDERED**.

Signed this 22th day of October, 2014, in Spartanburg, South Carolina.

s/ Mary G. Lewis
MARY G. LEWIS
UNITED STATES DISTRICT JUDGE

*****
**NOTICE OF RIGHT TO APPEAL**

Plaintiff is hereby notified of the right to appeal this Order within thirty days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.